IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ALLEN J. MICKE,

                OPINION AND ORDER

        Plaintiff,

                20-cv-532-bbc

    v.

KILOLO KIJAKAZI,[1]
Acting Commissioner of Social Security,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Allen J. Micke seeks judicial review of a final decision of defendant Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, finding plaintiff not disabled within the meaning of the Social Security Act. For the reasons below, I conclude that the administrative law judge's (ALJ) assessment of plaintiff's residual functional capacity is not supported by substantial evidence. Accordingly, this case will be remanded for further proceedings.

OPINION

Plaintiff seeks disability insurance benefits beginning in May 2017, when he was 52 years old. Plaintiff is a former dairy farmer who alleged that he was disabled due to

---

[1] The court has changed the caption to reflect Kilolo Kijakazi's appointment as acting commissioner.

1

osteoarthritis in both knees and partial amputation of three fingers on his right hand in a farming accident. In a September 2019 decision, an ALJ found that plaintiff was not disabled. Although plaintiff suffered from several severe impairments, including osteoarthritis of the knees (status post bilateral total knee replacement), obesity, lumbar spine disorder, amputation of fingers (right hand), and disorder of bilateral feet, he had the residual functional capacity to perform a reduced range of light work. AR 17-21. In particular, plaintiff:

> requires the option to alternate positions at the work station between sitting and standing as often as every 30 minutes for approximately 5-10 minutes, but will not need to leave the work station or otherwise be off-task from work performance as a result. He can occasionally push, pull, or operate foot controls with bilateral lower extremities. The claimant must never climb ladders, ropes, or scaffolds, kneel, or crawl. He can occasionally climb ramps or stairs, balance, stoop, and crouch. The claimant can frequently handle or finger with right upper extremity, but only occasionally feel with right upper extremity. He must avoid more than occasional exposure to workplace hazards (including moving machinery and unprotected heights). The claimant is limited to a work environment with no fast-paced production quota or rate (any production requirements should be more goal oriented, such as based on a daily, weekly, or monthly quota rather than assembly line work or other similar work.

AR 21. Relying on the testimony of a vocational expert, the ALJ found that there were jobs in the national economy that plaintiff could perform, including marker, router and routing clerk. AR 26. The Appeals Council denied plaintiff's appeal, and plaintiff filed this lawsuit.

The case is now before this court to determine whether the ALJ's decision is supported by substantial evidence, that is, "sufficient evidence to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." Id.  The ALJ must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination.  Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014).

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ (1) did not adequately explain how plaintiff could frequently handle and finger, and occasionally feel, with his right hand; (2) interpreted, on his own, new medical evidence regarding plaintiff's foot impairments and post-surgery knee pain; (3) failed to explain how plaintiff's obesity and combination of impairments affected his functional limitations; and (4) erred in assessing plaintiff's subjective symptoms.

## A.  Right Hand Limitations

Plaintiff is right-hand dominant, but three of his fingers on that hand were partially amputated during a farm accident.  AR 43. The ALJ stated that the residual functional capacity assessment accounted for plaintiff's partially amputated fingers by limiting plaintiff to frequent fingering and handling, and occasional feeling, with his right upper extremity. AR 23. Plaintiff contends that the ALJ erred by failing to explain how plaintiff would be able to frequently—that is, for 5.33 hours out of the workday—hold and manipulate items with his right hand.

Plaintiff's argument is persuasive.  Plaintiff testified at the administrative hearing that it was impossible for him to pick up small objects with his right hand, such as coins, nuts or bolts.  AR 44.  He stated that he could pick up some larger items, such as a gallon of milk

3

or a bucket, because those items have a handle that he could grasp.  He could also pick up a glass of water, unless the glass was slippery or wide, which would prevent him from gripping it.  Id.  He had to use oversized utensils and pans with large handles to account for his fingers, he had difficulty writing with his right hand because it was hard to hold a pen, and he could type with only one finger at a time on his right hand.  AR 45, 233.  The ALJ failed to explain how someone with these limitations could frequently handle and finger in accordance with competitive workplace standards.

The Commissioner responds that the ALJ's conclusions are supported by plaintiff's hearing testimony, during which plaintiff testified that he had some feeling on the tip of his right index finger, no feeling in his right middle finger, and "pretty good" feeling in his right ring finger."  AR 24.  The Commissioner also points to the ALJ's discussion of plaintiff's daily activities, such as laundry, light house repairs, mowing the lawn, preparing simple meals, and going hunting and fishing on occasion.  Id.  However, the ALJ did not explain how plaintiff's partial feeling in the remaining tips of his right fingers shows that he can handle and finger objects for more than five hours a day.   In addition, the ALJ failed to explain how plaintiff's ability to perform simple household tasks undermined his allegations of right-hand limitations.  Reinaas v. Saul, 953 F.3d 461, 467 (7th Cir. 2020) (claimant's "ability to do limited work to maintain his small farm does not adequately support ALJ's conclusion that he would be able to work full time).  The tasks plaintiff said he performed are not necessarily inconsistent with plaintiff's contention that he cannot frequently handle and finger with his right hand.  Plaintiff reported that he used a riding lawnmower to mow

the lawn, that he used oversized utensils and pans with large handles to occasionally prepare simple meals, that he fished only when he felt up to it, that he qualified for a handicapped hunting license, that he did not have the dexterity in his hands to engage in activities that he used to enjoy, and that his family helped him with household tasks. AR 233-34. The ALJ did not adequately address plaintiff's testimony in this regard. Therefore, the case must be remanded so that the ALJ can reassess plaintiff's functional capacity to handle, finger and feel with his right hand.

### B.  Foot Impairments, Ongoing Knee Pain and Obesity

Plaintiff next argues that the ALJ failed to adequately address his foot impairments, which arose after the state agency reviewing physicians reviewed plaintiff's medical records. Plaintiff contends that the combination of his foot impairments, ongoing knee pain, leg numbness and obesity, would make him incapable of performing work at the light exertional level, even with a sit-stand option.

I agree with plaintiff that the ALJ did not adequately explain how he accounted for all of plaintiff's physical impairments in the residual functional capacity assessment, and plaintiff's feet and knee impairments in particular. The ALJ stated that plaintiff's impairments were accommodated by the limitation of light work, with the option to alternate positions between sitting and standing every 30 minutes, but without leaving the work station or otherwise being off task. AR 23. The Commissioner argues that the ALJ's assessment is supported by the opinions of the state agency reviewing doctors, who gave the

opinion that plaintiff could perform light work. However, the last state agency opinion was rendered in May 2018, AR 102-04, and the ALJ's decision was September 5, 2019. Medical evidence after May 2018 showed that plaintiff was suffering from bilateral foot and toe deformities and degenerative changes with associated pain, for which he was referred to a podiatrist. AR 674-78. In March 2019, plaintiff reported post-surgery knee pain and numbness along his right leg, AR 687, and medical records show that plaintiff's obesity continued to increase. AR 666, 672, 682, 685. The state agency reviewing doctors did not consider those more recent medical records. If they had, they might have restricted the amount of standing and walking that plaintiff could manage, based on the combination of his obesity, knee pain, hammertoe deformities, midfoot collapse and degenerative changes in the feet. The case must be remanded so this evidence can be considered by a medical expert.

## C.  Plaintiff's Subjective Symptoms

Finally, plaintiff argues that the ALJ failed to give proper consideration to his subjective symptoms. The ALJ concluded that plaintiff's allegations of his pain and limitations were not supported by the overall record. AR 23. The ALJ discussed plaintiff's daily activities, hobbies, and medical records. AR 24. Plaintiff argues that the ALJ relied too heavily on his limited daily activities and his partial improvement with treatment, and that the ALJ failed to acknowledge that he required frequent rest and movement breaks, relied

on others for help, used a cane, ramps and bars to move about, and experienced ongoing pain and balance problems during his activities.

Because I am remanding this case for other reasons, I need not decide whether the ALJ's analysis of plaintiff's subjective symptoms would be an independent basis for remand. However, on remand, the ALJ should be sure to address whether plaintiff's daily activities and improvement with treatment are inconsistent with his complaints of chronic pain and restrictions. In addition, the ALJ should consider whether plaintiff's ability to engage in a handful of daily activities, with rest breaks, is evidence that plaintiff could engage in full-time, competitive work on sustained basis.

## ORDER

IT IS ORDERED that the that the decision denying benefits to plaintiff Allen J. Micke is REVERSED, and this case is REMANDED to defendant Kilolo Kijakazi, Acting Commissioner of Social Security, for further proceedings consistent with this opinion.

Entered this 17th day of September, 2021.

BY THE COURT:
/s/

_____
BARBARA B. CRABB
District Judge